IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL CARSTETTER**, | : | CIVIL ACTION NO. 1:06-CV-1993 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **ADAMS COUNTY TRANSIT AUTHORITY and YORK COUNTY TRANSIT AUTHORITY**, | : | |
| Defendants | : | |

## ORDER

AND NOW, this 8th day of July, 2008 upon consideration of the appeal (Doc. 115) of the order (Doc. 108) of the magistrate judge, which granted in part and denied in part plaintiff's motion (Doc. 83) to strike affidavits of Raymond Rosen (Doc. 73-3) and Frances Weishaar (Doc. 47, Ex. EE), and it appearing that Weishaar's affidavit is reasonably premised on her personal knowledge and experience,[1] and the court concluding that an affidavit may be stricken if "it directly contradicts the affiant['s] prior testimony without a satisfactory explanation," In re Safeguard Scientifics, No. Civ. A. 01-3208, 2004 WL 2644393, at *2 (E.D. Pa. Nov. 17, 2004); see also Jiminez v. All Am. Rathskeller, Inc., 503 F.3d 247, 254 (3d Cir. 2007), that the paragraphs of Rosen's affidavit to which plaintiff objects are not irreconcilable with deposition testimony of other witnesses, that plaintiff should

---

[1] Weishaar's affidavit attests to matters involving the administration and management Adams County Transit Authority ("ACTA"). She may testify to such matters in her capacity as administrative coordinator and previous interim general manager for ACTA. (See Doc. 47, Ex. EE ¶ 1; Doc. 56, Ex. O at 14.)

have been reasonably aware that Rosen possessed discoverable information despite defendants' failure to identify him in their individual disclosures under Rule 26(a) of the Federal Rules of Civil Procedure,[2] see Quinn v. Consol Freightways Corp. of Del., 238 F.3d 572, 577 (3d Cir. 2002) (articulating factors for consideration when determining whether to exclude a witness who was not identified in a timely manner), that plaintiff has suffered no prejudice as a result because the court has not relied on Rosen's testimony in ruling on the report and recommendations of the magistrate judge, id., that defendant's failure to identify Rosen was not made in bad faith because plaintiff was aware of Rosen's identity throughout discovery, id., and that Rosen's testimony (which totals three pages in length) is relatively unimportant when compared to the otherwise voluminous record developed by the parties, id., it is hereby ORDERED that the order (Doc. 108) of the magistrate judge is AFFIRMED.[3]

       S/ Christopher C. Conner
       CHRISTOPHER C. CONNER
       United States District Judge

---

[2] Rosen is chair of the board of directors of York County Transit Authority ("YCTA"), and his affidavit discusses various matters handed by the YCTA board. (Doc. 73-3 ¶ 1.) Plaintiff was aware of Rosen's identity as early as June 20, 2007, when plaintiff filed an amended complaint to which he attached an agreement executed by Rosen on behalf of YCTA. (See Doc. 29-2 at 14.)

[3] The court's ruling with respect to Rosen's affidavit applies only to the extent that defendants offer it in support of their motions for summary judgment. Nothing contained herein shall prejudice plaintiff's right to object to Rosen's testimony if defendants call him as a witness at trial.