```
            UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DANIEL A. CARSTETTER,            :    CIVIL NO. 1:06-CV-1993
                                 :
          Plaintiff              :    (Judge Conner)
                                 :
     v.                          :    (Magistrate Judge Smyser)
                                 :
ADAMS COUNTY TRANSIT AUTHORITY   :
and YORK COUNTY TRANSIT          :
AUTHORITY,                       :
          Defendants             :
```

## REPORT AND RECOMMENDATION

I. Background and Procedural History.

On October 10, 2006, the plaintiff, Daniel Carstetter, commenced this action by filing a complaint. On June 20, 2007, the plaintiff filed an amended complaint. The amended complaint names as defendants the Adams County Transit Authority (ACTA) and the York County Transit Authority (YCTA).

The amended complaint contains nine counts. Count I contains claims under the Americans with Disabilities Act (ADA). Count II contains claims under the FMLA. Count III contains a discrimination claim under the Pennsylvania Human Relations Act (PHRA). Count IV contains claims under the Rehabilitation Act (RA). Count V is a wrongful discharge claim

under Pennsylvania law.  Count VI contains 42 U.S.C. § 1983 claims.  Count VII contains claims for violation of the Consolidated Omnibus Budget Reconciliation Act (COBRA).  Count VIII is a breach of contract claim against defendant YCTA.  Count IX contains a breach of contract claim and a claim under Pennsylvania's Wage Payment and Collection Law (WPCL).

On July 5, 2007, defendant ACTA filed an answer to the amended complaint.  Also on July 5, 2007, defendant YCTA filed an answer to the amended complaint.

By a Report and Recommendation dated February 14, 2008, we addressed defendant YCTA's motion (doc. 44) to dismiss for lack of subject matter jurisdiction and motion for summary judgment, defendant ACTA's motion (doc. 46) for summary judgment and the plaintiff's motion (doc. 49) for partial summary judgment.  We recommended that defendant YCTA be granted summary judgment on the plaintiff's breach of contract claim in Count VIII of the amended complaint, that defendant YCTA be granted summary judgment on the plaintiff's § 503 RA claim and that defendant YCTA be granted summary judgment on the plaintiff's 42 U.S.C. § 1983 claims.  We recommended that defendant YCTA's motion be otherwise denied.  We further

2

recommended that defendant ACTA be granted summary judgment on the plaintiff's § 503 RA claim and that defendant ACTA be granted summary judgment on the plaintiff's 42 U.S.C. § 1983 claims. We recommended that defendant ACTA's motion for summary judgment be otherwise denied. We also recommended that the plaintiff's motion for partial summary judgment be denied.

By a Memorandum and Order dated July 8, 2008, Judge Conner adopted in part and rejected in part the Report and Recommendation of February 14, 2008. Judge Conner rejected the Report and Recommendation to the extent that it recommended that the motion for summary judgment of defendant ACTA be denied on the plaintiff's claims under the WPCL and for legal damages under COBRA. Judge Conner denied the plaintiff's motion for summary judgment. He granted defendant ACTA's motion for summary judgment with respect to the plaintiff's claims under 42 U.S.C. § 1983, the WPCL, and § 503 of the RA and for legal damages under COBRA. He granted defendant YCTA's motion with respect to plaintiff's claims under 42 U.S.C. § 1983, § 503 of the RA and for breach of contract. Judge Conner remanded defendant YCTA's motion for summary judgment to the undersigned for further consideration of YCTA's exhaustion

defense with respect to plaintiff's claims under § 504 of the RA, the ADA and PHRA.

YCTA moved to dismiss the plaintiff's claims under the ADA, PHRA and § 504 of the RA on the basis that failure to exhaust deprives the court of subject matter jurisdiction to hear claims under these statutes.  In the Report and Recommendation of February 14, 2008, we concluded that failure to exhaust has no effect on the court's jurisdiction to hear claims under these statutes.  Judge Conner agreed with that conclusion.  However, Judge Conner found that the exhaustion issue has been briefed and should be addressed in the summary judgment context, and he remanded the case to the undersigned for the purpose of evaluating defendant YCTA's exhaustion defense as presented via a motion for summary judgment.

II.  Summary Judgment Standard.

Summary judgment is appropriate if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

4

A material factual dispute is a dispute as to a factual issue that will affect the outcome of the trial under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

Summary judgment will not lie if there is a genuine dispute about a material fact. *Id.* at 248. An issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the non-moving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). "If the evidence is merely colorable . . . or is not significantly probative . . . . summary judgment may be granted." *Anderson, supra,* 477 U.S. at 249-50. In determining whether a genuine issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party. *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988).

5

At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. *Anderson, supra,* 477 U.S. at 249. The proper inquiry of the court in connection with a motion for summary judgement "is the threshold inquiry of determining whether there is the need for a trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

III. Discussion.

The question before the court at this time is whether defendant YCTA is entitled to summary judgment on the plaintiff's claims under § 504 of the RA, the ADA and the PHRA on the basis that the plaintiff has failed to exhaust administrative remedies against defendant YCTA under those statutes.

There is no exhaustion of administrative remedies requirement with regard to claims under § 504 of the RA. *Freed*

*v. Consolidated Rail Corp.,* 201 F.3d 188, 194 (3d Cir. 2000)(holding that "section 504 plaintiffs may proceed directly to court without pursuing administrative remedies"). Therefore, defendant YCTA is not entitled to summary judgment on the plaintiff's claim under § 504 of the RA.

A plaintiff "bringing employment discrimination charges under the ADA must comply with the procedural requirements set forth in Title VII of the Civil Rights Act of 1964, as amended, at 42 U.S.C. § 2000e-5." *Buck v. Hampton Twp. School Dist.,* 452 F.3d 256, 260 (3d Cir. 2006)(citing 42 U.S.C. § 12117(a)). Similarly, a plaintiff bringing a claim under the PHRA must exhaust the administrative remedies required under the PHRA. *Smith v. Central Dauphin School Dist.,* 419 F.Supp.2d 639, 650 (M.D.Pa. 2005).

In the instant case, the plaintiff filed a complaint with the Pennsylvania Human Relations Commission (PHRC) charging disability discrimination. *Doc. 45, Exhibit A.* That complaint was dual filed with the United States Equal Employment Opportunity Commission (EEOC). *Id.* However, that complaint only named defendant ACTA as the respondent. Defendant YCTA contends that, because that complaint named only

7

defendant ACTA as a respondent, the plaintiff has failed to exhaust administrative remedies with regard to his ADA and PHRA claims against defendant YCTA.

Ordinarily, a plaintiff may not bring an ADA or PHRA action against an entity not named as a respondent in the administrative charge. *See generally Schafer v. Bd. of Public Educ. Of the School Dist. of Pittsburgh,* 903 F.2d 243, 251 (3d Cir. 1990)(Title VII case). However, there is an exception to that rule "when the unnamed party received notice and when there is a shared commonality of interest with the named party." *Id.* at 252.

In the instant case, the plaintiff has presented evidence that defendant YCTA had notice of the administrative complaint. For example, the plaintiff points to a letter from defense counsel during the administrative proceeding which indicates that a copy of the letter was sent to YCTA Executive Director Ed Farr and Charmaine Wise, who was the General Manager of ACTA but also a YCTA employee hired by YCTA. *Doc. 27-6.* The plaintiff also points to evidence that Charmaine Wise participated in responding the PHRC complaint. *See Doc. 22-6.*

8

Moreover, although the complaint filed with the PHRC and EEOC does not name defendant YCTA as a respondent, the body of the complaint does identify Charmaine Wise as having participated in the alleged discrimination.  In addition, in the initial charge filed by the plaintiff with the PHRC he stated: "Rabbit Transit of York is our managers 100%." *Doc. 27-2.*[1]  Also in the Discharge Questionnaire he filed with the PHRC the plaintiff stated "Rabbit Transit Authority 1230 Roosevelt Ave York PA 17404 manages A.C.T.A. 100%. Included in this is group health insurance, bills, the manager of A.C.T.A. (Charmaine Wise) is employed by Rabbit.  All titles and deeds are all signed by Rabbit Management." *Id.*  Further, in regard to the number of employees, the plaintiff again stated in his Discharge Questionnaire *inter alia* that ACTA is managed by Rabbit Transit and that Charmaine Wise works for Rabbit Transit. *Id.*

The plaintiff contends that defendant YCTA was his joint employer along with defendant ACTA.  Defendant YCTA disputes that it was the plaintiff's employer.  It is not in

---

[1] References to Rabbit Transit are references to defendant YCTA.

dispute that the relationship between YCTA and ACTA is based on an Independent Contractors Agreement, that YCTA and ACTA have separate Boards, that the General Manager of ACTA is an employee of YCTA, that the General Manager of ACTA is responsible for managing employees at the ACTA facility, is responsible for ACTA's employment practices, human resource functions and job advertising and is responsible for overseeing ACTA's day-to-day operations, that all ACTA employees report to the General Manager, and that ACTA employees are hired and fired by the General Manager. *See Report and Recommendation (doc. 112) of Feb. 14, 2008 at 11-19.* However, the parties dispute other facts relevant to the relationship between ACTA and YCTA. *Id. at 66-67.* They dispute YCTA's control over ACTA's payroll, whether ACTA employees report to the Executive Director of YCTA and the role of both ACTA and YCTA's Boards in the provision of employee benefits for ACTA employees. *Id. at 67.* As indicated in the Report and Recommendation of February 14, 2008, there are genuine factual disputes about whether defendant YCTA was a joint employer of the plaintiff. *Id.*

Defendant YCTA has not presented any evidence that it was actually prejudiced by not being named as a respondent in the administrative proceedings.

10

Given the evidence presented by the plaintiff that defendant YCTA was on notice of the administrative proceedings before the PHRC, that Charmaine Wise participated in those proceedings, that the plaintiff named Charmaine Wise in the body of his PHRC complaint, that the plaintiff indicated in his filings with the PHRC that ACTA was managed by YCTA and that defendant YCTA was plaintiff's joint employer, and given the lack of evidence of actual prejudice to defendant YCTA as a result of not being named as a respondent in the administrative proceedings, we conclude that defendant YCTA is not entitled to summary judgment on the plaintiff's ADA and PHRA claims on the basis that plaintiff failed to exhaust administrative remedies with respect to defendant YCTA.

IV. Recommendation.

Based on the foregoing, it is recommended that defendant YCTA's motion (doc. 44) motion for summary judgment be denied to the extent that defendant YCTA seeks summary judgment on the plaintiff's claims under § 504 of the RA, the

ADA and PHRA on the basis of a failure on the part of the plaintiff to exhaust administrative remedies.

                                        ***/s/ J. Andrew Smyser***
                                        J. Andrew Smyser
                                        Magistrate Judge

Dated:  August 21, 2008.