**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DANIEL CARSTETTER,** | : | **CIVIL ACTION NO. 1:06-CV-1993** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **ADAMS COUNTY TRANSIT** | : | |
| **AUTHORITY and YORK COUNTY** | : | |
| **TRANSIT AUTHORITY,** | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this 30th day of September, 2008, upon consideration of the

report (Doc. 130) of the magistrate judge, to which objections (Docs. 134, 135) were

filed, recommending that the motion to dismiss (Doc. 44) of defendant York County

Transit Authority ("YCTA") be denied insofar as it alleges that plaintiff Daniel

Carstetter ("Carstetter") failed to exhaust administrative remedies under § 504 of

the Rehabilitation Act ("RA"), 29 U.S.C. § 794; the Americans with Disabilities Act

("ADA"); and the Pennsylvania Human Relations Act ("PHRA"), and it appearing

that a plaintiff need not pursue administrative remedies prior to bringing an action

under § 504 of the RA, <u>see</u> <u>Freed v. Consol. Rail Corp.</u>, 201 F.3d 188, 194 (3d Cir.

2000), that ADA plaintiffs must exhaust administrative remedies under Title VII of

the Civil Rights Act of 1964 prior to bringing a suit in federal court,[1] <u>see</u> <u>Buck v.</u>

<u>Hampton Twp. Sch. Dist.</u>, 452 F.3d 256, 260 (3d Cir. 2006), and that a plaintiff may

---

[1] Analysis of Carstetter's claim under the PHRA is identical to that under the
ADA.  <u>See</u> <u>Rinehimer v. Cemcolift, Inc.</u>, 292 F.3d 375, 382 (3d Cir. 2002).  Therefore,
the court need not discuss his PHRA claim separately.

file an ADA claim against a defendant who was not identified in the administrative

charge if "the unnamed party received notice [of the claim] and . . . share[s] a

commonality of interest" with a party named in the charge, <u>Cardamone v. Murray

Mgmt.</u>, No. 3:05-CV-0679, 2005 WL 3478320, at *2 (M.D. Pa. Dec. 19, 2005) (quoting

<u>Schafer v. Bd. of Pub. Educ.</u>, 903 F.2d 242, 252 (3d Cir. 1990)), and it further

appearing that Carstetter named defendant Adams County Transit Authority

("ACTA") in his administrative charge but omitted YCTA, (<u>see</u> Doc. 45, Ex. A at 1),

and the court concluding that YCTA received notice of Carstetter's ADA claim,

through, *inter alia*, a letter directed from YCTA and ACTA's common counsel to

YCTA's executive director on March 22, 2006, (<u>see</u> Doc. 27, Ex. F at 2), through a

similar letter from Carstetter's counsel to Charmaine Wise ("Wise"), who acted as

ATCA's general manager and who was an employee of YCTA, (<u>see</u> Doc. 71, Ex. 1;

Doc. 56, Ex. A at 59; Doc. 56, Ex. C at 13), and through Wise's assistance in

defending ACTA against Carstetter's administrative charge, (<u>see, e.g.,</u> Doc. 22,

Ex. D ¶ 24), and the court further concluding that YCTA shares a commonality of

interest with ACTA because Carstetter has proffered evidence that YCTA exercised

extensive control over ACTA operations such that YCTA's participation in

administrative conciliation efforts was unnecessary, <u>see</u> <u>Shafer</u>, 903 F.2d at 252 n.7

(citing <u>Glus v. G.C. Murphy Co.</u>, 629 F.2d 248 (3d Cir. 1980)), <u>vacated on other

grounds</u>, 451 U.S. 935 (1981)) (identifying similarity between the named and

unnamed parties as a factor affecting commonality of interest); <u>see also</u> <u>Huggins v.

Coatesville Area Sch. Dist.</u>, No. Civ. A. 07-4917, 2008 WL 4072801, at *6 n.8 (E.D. Pa.

Aug. 27, 2008); (Doc. 56, Ex. A at 58 (stating that YCTA's executive director performs similar functions on behalf of both YCTA and ACTA); Doc. 56, Ex. G at 18-19 (stating that Wise possessed authority to hire and fire ACTA employees); Doc. 57, Ex. Z at 17-18, 25-26 (reflecting that ACTA's health insurance plan is registered as a subgroup of YCTA's policy)), that YCTA did not suffer prejudice from Carstetter's omission because YCTA knew of his administrative charge and participated in the defense thereof, see Shafer, 903 F.2d at 252 n.7 (holding that prejudice affects commonality of interest), and that YCTA represented to Carstetter that ACTA served as a conduit between him and YCTA, see Shafer, 903 F.2d at 252 n.7 (stating that unnamed party's representations affect commonality of interest); (see also, e.g., Doc. 56, Ex. Q at 30 (stating that Wise approved ACTA's payroll); Doc. 59, Ex. VV at 4 (reflecting that Wise handled Carstetter's request for insurance benefits); Doc. 59, Ex. XX (same)),[2] it is hereby ORDERED that:

1.      The report (Doc. 130) of the magistrate judge is ADOPTED.

2.      The motion to dismiss (Doc. 44) of defendant YCTA is DENIED.

3.      A revised pretrial and trial schedule shall issue by future order of court.

                                     S/ Christopher C. Conner
                                     CHRISTOPHER C. CONNER
                                     United States District Judge

_____

[2]A plaintiff's ignorance of an unnamed party's role in the alleged discrimination also contributes to commonality of interest. Shafer, 903 F.2d at 252 n.7. In the instant case, Carstetter knew of YCTA's control over ACTA at the time he filed the administrative charge. However, the extensive evidence supporting a commonality of interest between YCTA and ACTA outweighs Carstetter's neglect when failing to identify YCTA in his administrative charge.